IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CR-01-109-C |
| ) | |
| ASHANTI M. PERRY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  Plaintiff filed a response and the matter is now at issue.

Defendant argues that he is entitled to relief as his counsel was ineffective in failing to seek a competency hearing before sentencing; that any limitations period for filing the present motion should be tolled due to his incompetency; and that his counsel, contrary to his request, failed to file a direct appeal.  In response, Plaintiff argues that consideration of Defendant's motion is barred by operation of the Plea Agreement entered by Defendant and, alternatively, that the motion is time barred for failure to file within the time limits set by 28 U.S.C. § 2855.  Defendant's argument must fail as a result of the terms of the Plea Agreement entered in this case.  As part of that Plea Agreement, Defendant waived the right to appeal or collaterally challenge his sentence.  Not only did he give up the right to

challenge his sentence as he is now attempting, he also gave up the right to appeal. Thus, his counsel could not have been ineffective for failing to file such an appeal.[1]

Although his brief is less than clear, it may be that Defendant's claim of incompetency is an argument that the Plea Agreement was involuntary. However, Defendant fails to offer any evidence to support his claim and it is in fact belied by his statements at the change-of-plea hearing. As the transcript of that proceeding makes clear, Defendant acknowledged his plea was voluntary; he acknowledged he understood both the terms and the consequences of the plea; that although he had been hospitalized for a head injury[2] in the past, the results of that injury had lessened and that he was capable of thinking clearly and making decisions and understood his actions at the time of the hearing; that he was giving up his right to appeal both directly and collaterally; and that he was entering the plea because he was guilty. As a result, the waiver precludes consideration of Defendant's challenge to his sentence. See United States v. Hernandez, 134 F.3d 1435, 1437 (10th Cir. 1998) ("A defendant's knowing and voluntary waiver of the statutory right to appeal his sentence is generally enforceable."); see also United States v. Perry, Case No. 02-6084, (10th Cir. May 28, 2002) (finding waiver to be knowing and voluntary). Defendant's attempt to bolster his argument with an ineffective assistance claim does not provide a basis to alter the result. Because Defendant does not argue the alleged ineffectiveness taints the waiver of appeal, United States v.

---

[1] Indeed, contrary to Defendant's argument, his counsel did participate in the appeal by filing a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967).

[2] Defendant's counsel stated he had contacted the hospital and been informed the injury was a concussion and that Defendant had been released from the hospital the next day.

Cockerham, 237 F.3d 1179 (10th Cir. 2001), holds the waiver is valid and any challenge of ineffectiveness at sentencing is governed by the waiver. Id. at 1191.

In the alternative, Defendant's motion is barred by the time limitations imposed by § 2255. That statute requires a motion to be filed within one year of the date on which the judgment of conviction becomes final. The Tenth Circuit has defined when a judgment of conviction is final:

> "a judgment of conviction becomes final within the meaning of § 2255 on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires."

United States v. Burch, 202 F.3d 1274, 1276 (10th Cir. 2000), (quoting Kapral v. United States, 166 F.3d 565, 577 (3rd Cir. 1999)). Here, the Tenth Circuit denied Defendant's appeal on May 28, 2002. "A defendant has 90 days from the date on which the court of appeals affirms the judgment of conviction to file a petition for a writ of certiorari." Kapral. at 570-71. Thus, Defendant's judgment of conviction became final on August 26, 2002. The one-year limitations period then expired on August 27, 2003. Defendant did not file the present motion until September 14, 2005, well beyond the expiration date.

Defendant recognizes this problem and indirectly argues that equitable tolling should apply to permit his petition to be found timely. In support of his position, Defendant asserts he was unable to file earlier because of his medical problems. Equitable tolling is "only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares,

223 F.3d 1217, 1220 (10th Cir. 2000). Defendant has failed to meet this prerequisite. As noted above, Defendant has presented no evidence demonstrating his medical condition is so severe that he could not timely pursue the present motion.

For the reasons set forth herein, Defendant's Motion to Vacate, Set Aside, or Correct a Sentence by a person in Federal Custody pursuant to 28 U.S.C. § 2255, (Dkt. No. 272) is DENIED.

IT IS SO ORDERED this 12th day of October, 2005.

ROBIN J. CAUTHRON
United States District Judge